· *Law*
*Library*

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RUMC, INC., nka COMPADRES, INC., and ) <br> TONKO REYES, INC., nka T.R.I., INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHAMORRO EQUITIES, INC., ROBERT V. ) <br> ULLOA, GERALD D. HARTWICK, ) <br> PRISCILLA J. HARTWICK, KENNETH E. ) <br> THOMPSON, WALTER D. ULLOA, ) <br> VIVIAN U. McCURDY, and LISA A. ) <br> ULLOA, ) <br> ) <br> Defendants. ) <br> ) | CIVIL CASE NO. CV1935-11 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 29th day of March, 2012, when the Defendants filed and personally served a Statement of Objection and Motion to Request Recusal of the Honorable Arthur R. Barcinas Pursuant to 7 GCA § 6105. Attorney Rawlen Mantanona represents the Defendants, and Attorney Jacques G. Bronze represents the Plaintiffs. The Court now issues the following Decision and Order on the matter presented.

## PROCEDURAL HISTORY

This case was initially filed on December 15, 2011, and was assigned to the Honorable Arthur R. Barcinas four days later, on December 19, 2011. On March 29, 2012, the Defendants

filed the instant statement of objection, seeking to have the assigned judge disqualify himself from hearing any matters in relation to this case or to preside over the trial of any issue of fact or law in this action. The Defendants' request is based on the Judge's former involvement in an allegedly related case concerning these same parties, Civil Case No. CV1431-11. Specifically, the Defendants argue that Judge Barcinas' former participation in that case regarding two matters filed *ex parte*, as the assigned *ex parte* judge, might create an appearance of impartiality. The Defendants argue that Judge Barcinas' issuance of one *ex parte* order, on August 24, 2011, later vacated by the regularly assigned judge, and his refusal to hear and determine another motion filed *ex parte* in CV1431-11 on October 25, 2011, creates a situation wherein a reasonable person might reasonably question the impartiality of the Court in this case.

## DISCUSSION

A challenged judge may strike a statement of objection without referring the matter to a recusal judge, "whenever a party fails to comply with the service, verification, or timeliness requirements." Guam v. Johnny, 2006 Guam 10 ¶ 10. A challenged judge may also strike a statement of objection without referring the matter to a recusal judge if the statement is procedurally or "legally insufficient." Id. However, the challenged judge's review of the sufficiency of the statement is limited to whether the statement is procedurally proper under 7 GCA § 6107, and whether it "alleges any of the grounds for disqualification found in Title 7 GCA § 6105." Id. at ¶ 20. "If . . . the petition is legally insufficient or formally defective, the judge can properly strike or disregard the statement of objection without referring it to another judge." Van Dox v. Superior Court of Guam, 2008 Guam 7 ¶ 25.

//

1) Timeliness

The Court finds that the statement of objection filed by the Defendants is untimely under Title 7 GCA §6107. The statute "requires that statements of objection . . . be presented at the earliest practicable opportunity." Johnny, 2006 Guam 10 at ¶ 11. The failure to comply with this requirement "constitutes sufficient grounds to strike or disregard the statement of objection." Id.

Judge Barcinas' involvement in CV1431-11 occurred in August and October of 2011, prior to the filing of this case, CV1935-11, on December 15, 2011. The Court finds that the Defendants were and still are a party to Civil Case No. 1431-11. The Defendants and their attorneys were present throughout the duration of that case, and therefore, at all times possessed the knowledge of Judge Barcinas' actions as *ex parte* judge in CV1431-11, upon which the request to disqualify is based. Yet, the Defendants did not file an objection to Judge Barcinas' qualification to act in this case until March 29, 2012.

Although they were aware of the judge's involvement in CV1431-11 at the time that CV1935-11 was filed and assigned to Judge Barcinas, the Defendants waited approximately three and one half months after the assignment to file the statement of objection. The Defendants present no explanation for this delay, and conspicuously, do not argue that the information upon which their request is based was recently acquired or was not in their possession at the time this case was initially assigned to Judge Barcinas in December of 2011. Accordingly, the Defendants' request was not made at "the earliest practicable opportunity," and may be stricken by the Court. Id. at 13.

//

2) Legal Sufficiency

Under Guam law, the factual basis for the disqualification of judges is governed by 7 GCA § 6105. This statute details the various recognized grounds for the proper disqualification of judges. Defendants cite only to 7 GCA § 6105(a) in filing this objection to competency. This subsection provides in pertinent part: "(a) Any Judge shall disqualify himself or herself in any proceedings in which his or her impartiality might reasonably be questioned . . . ." 7 GCA § 6105 (2012).

Under 7 GCA § 6105, it is the appearance of bias or prejudice which is of concern to the Court, rather than the reality of bias or prejudice. Cezar B. Dizon v. Superior Court of Guam v. The People of Guam, 1998 Guam 3, ¶ 8 (May 13, 1998). The Defendants claim that the former involvement of the Judge, acting in an *ex parte* capacity in a related matter creates a situation where "impropriety" is at issue. Civil Case No. CV1935-11, Statement of Objection Although a judge has a duty to refuse to sit when disqualified, a judge has an equally strong duty to sit when there is no valid reason for recusal. *See* State of Idaho v. Freeman, 507 F.Supp. 706, 716 (Idaho 1981). Thus, if the Defendants' allegation is well grounded in law and fact, the judge must disqualify himself and a new judge must preside over the case. *See* 7 GCA § 6105(a). However, if the accusation is deficient or unfounded, the judge must keep the assignment.

In addition, the very judge whose impartiality is being questioned must decide whether the request for recusal is procedurally and legally sufficient. Guam v. Johnny, 2006 Guam 10 ¶ 20; *see also* In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994). An objective test governs this inquiry. Johnny, 2006 Guam 10 at ¶ 20. "Under the reasonable person standard, a Guam court inquires whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is impartial." Guam v. Tennessen, 2010 Guam 12 ¶ 33

(citing to Sule v. Guam Bd. of Dental Exam'rs, 2008 Guam 20 at ¶ 14, citing United States v. Cherry, 330 F.3d 658, 665 (4th Cir.2003)); *see also* Dizon, 1998 Guam 3 ¶ 8. Thus, the court must determine whether a person with knowledge of all the facts "would perceive a significant risk that the judge will resolve the case on a basis other than the merits." Tennessen, 2010 Guam 12 ¶33 (citing Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178 (9th Cir.2005).

7 GCA § 6107 states that a party seeking a judge's recusal must file a written statement "setting forth the *fact or facts* constituting the ground of disqualification of such Justice or Judge." 7 GCA § 6107 (emphasis added). A request for disqualification, to be procedurally sufficient under this statute, "requires a verified statement showing facts, not conclusions, from which the claimed disqualification appears to be probable, that is, from which facts the disqualification appears to follow as a conclusion of law." Calhoun v. Superior Court, 51 Cal.2d 257, 260, 331 P.2d 648 (Cal.1958). "It is only where an appropriate issue of fact is presented by the statement that a judge is prevented from passing on the question of his own disqualification (under section 170)." Agnew v. Contractors Safety Assn., 216 Cal.App.2d 154, 159, 30 Cal. Rptr. 690, 693 (Cal.App.1963)(quoting People v. Sweeney, 55 Cal.2d 27, 35, 9 Cal.Rptr. 793, 797, 357 P.2d 1049, 1053 (Cal.1961)). "A statement that contains nothing but conclusions sets forth no facts constituting a ground of disqualification [and] may be ignored or stricken from the files by the trial judge." Id.

Defendants cite only to 7 GCA §6105(a) in filing this statement of objection. The statute states in full:

> (a) Any Judge shall disqualify himself or herself in any proceeding in which his or her *impartiality* might reasonably be questioned, but if, following complete disclosure to all parties in the proceeding of the reasons for disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

7 GCA § 6105(a) (2012) (emphasis added).

Defendants do not question Judge Barcinas' "impartiality" in this case. Rather, the Defendants cite to the "impartiality" standard, but repeatedly assert the appearance of "impropriety" of Judge Barcinas' participation in this case. RUMC, Inc., et. al. v. Chamorro Equities, Inc., et. al., Civil Case No. CV1935-11, Statement of Objection and Motion to Disqualify the Honorable Arthur R. Barcinas Pursuant to 7 GCA § 6105, Memorandum of Points and Authorities, p. 4, ¶ 2 (filed March 29, 2012). Specifically, the Defendants allege that it will be inappropriate if Judge Barcinas is allowed to determine the merits of this case, because he will be *de facto* reviewing the merits of his own decisions in another case, CV1431-11. This contention is neither legally nor factually supported.

"Impartial" is defined in Black's Law Dictionary as "unbiased; disinterested." BLACK'S LAW DICTIONARY, impartial (9th ed. 2009). The Defendants fail to assert that Judge Barcinas is biased, prejudiced, or in any manner interested in the outcome of this case. There are no allegations that he has a personal concern with any of the parties, or the subject matter of the case, and there are no allegations that he has specialized knowledge about this case gained outside of his judicial function. In short, the Defendants do not allege that Judge Barcinas will be partial or that there are any questions regarding his "impartiality" in deciding this matter.

The Defendants make no allegations that Judge Barcinas will determine this case on anything other than the facts of the case. They merely imply that his participation in this case is procedurally improper because he previously issued an order and declined involvement in a related case, while serving in his capacity as the assigned *ex parte* judge. The Defendants solely allege impropriety based upon Judge Barcinas' exercise of the judicial function in another case.

Even if the Defendants were actually asserting some bias or interest on the part of Judge Barcinas, "[d]isqualifying bias must normally stem from extrajudicial sources," and this presumption may only be overcome by a showing by such pervasive and vehement bias that no reasonable person could question the predisposition and personal animosity of the judge towards a party. Van Dox, 2008 Guam 7 ¶ 35; *see also* Tennessen, 2010 Guam 12 at ¶ 32.

In this case, Defendants complain only that there is an implication of "impropriety" that arises out of Judge Barcinas' vacated *ex parte* order and later refusal to make a determination on an *ex parte* motion for reconsideration in CV1431-11, instead referring the matter back to the assigned judge. They point to no harsh language or other evidence of strong personal bias on the part of Judge Barcinas. In fact, the Defendants make no allegations of bias at all. As explained by both the United States Supreme Court and the Supreme Court of Guam, judicial rulings alone do not constitute a sufficient basis for the recusal of a judge. Liteky v. U.S., 510 U.S. 540, 541 (1994); U.S. v. Grinnell Corp., 384 U.S. 563, 583 (1966); Ada, 2000 Guam 22, ¶16; and Van Dox, 2008 Guam 7 ¶ 35. Furthermore, Defendants have failed to point to any statements (in-court or out-of-court) by Judge Barcinas which would support any assertion of bias. Absent an extra-judicial showing of bias the Defendants have failed to legally allege that Judge Barcinas should be disqualified on the basis of "impartiality" under 7 GCA § 6105(a).

Next, even if procedural "impropriety" were the standard by which to determine disqualification under 7 GCA § 6105(a), the allegations of "impropriety" in this case are factually deficient.

Defendants assert that the outcome of this case relies upon the interpretation of the decisions in CV1431-11, and on this basis insinuate that Judge Barcinas might have some sort of interest in upholding his own judicial acts performed as part of his *ex parte* duties in

CV1431-11, and therefore, determination of this case would put him in the position of an appellate court.

This argument is thoroughly attenuated, and factually unsupported. Judge Barcinas' first *ex parte* act was to issue an order, on the basis that there appeared to be an *ex parte* basis for its issuance. This order was vacated by the assigned judge. There is no longer any order issued by Judge Barcinas to uphold in CV1431-11 or CV1935-11. Judge Barcinas' next *ex parte* act was to decline to hear a motion for reconsideration, on the basis that the matter did not appear to require an *ex parte* hearing, and should be heard and determined as a regularly scheduled motion before the regularly assigned judge. Judge Barcinas issued no orders or decisions regarding this motion. Consequently, there are no legal, factual, or other decisions or determinations made by Judge Barcinas in CV1431-11 to be reviewed.

Accordingly, Defendants' allegations underlying the statement of objection are not based upon factual or legal assertions, but rather, mere bluff and speculation. There are no allegations of "bias," "prejudice," or other interest involved in this case, as required under 7 GCA § 6105(a).

Finally, as a policy matter, the Supreme Court of Guam has held, "[t]he recusal statutes should not be so broadly construed so as to become presumptive or to allow for judge shopping." Dizon, 1998 Guam 3, ¶9. Following the standards set forth by the United States Supreme Court and earlier precedent of the Supreme Court of Guam, the court in Ada v. Gutierrez, 2000 Guam 22 held that, "just as judges may disqualify themselves too readily, parties may try to take advantage of disqualification laws in order to find a judge whom they feel will cater to their interests. In Dizon, this Court warned against judge shopping." Ada, 2000 Guam 22 ¶16. It appears that the Defendants are attempting to use Judge Barcinas'

minimal involvement in CV1431-11, serving in a temporary *ex parte* capacity, to require his recusal from any case concerning the same parties or related matters. Because all of the judges take turns serving as *ex parte* judge on a rotating basis, allowing parties to disqualify any judge who serves in an *ex parte* capacity in a matter from hearing any other matters which are related in some way, or in which one of the same parties are involved, would set a dangerous precedent in which nearly all of the judges would be disqualified from hearing associated matters on a regular basis. This would produce an absurd result, and would effectively allow parties to "shop" for a judge of their liking. Accordingly, the Defendants request must be DENIED.

## CONCLUSION

Based on the foregoing analysis, the Court finds that the statement of objection is procedurally defective as it is both untimely and fails to allege or support any grounds sufficient for disqualification under 7 GCA § 6105(a). Consequently, recusal is not required under Title 7 GCA § 6107. The Court hereby ORDERS that the Statement of Objection and Motion to Request Recusal of the Honorable Arthur R. Barcinas Pursuant to 7 GCA § 6105, filed by the Defendants be STRICKEN.

**IT IS SO ORDERED** this _____APR 1 1 2012_____.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 11 2012

*Valerie D. Tenorio*
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

Pursuant to <u>Van Dox</u>, 2008 Guam 7, ¶¶ 12 and 24, finding that an order striking an objection to competency may not alternatively be considered as an answer unless verified in the

manner specified by 6 GCA § 4308, the Honorable Arthur R. Barcinas hereby declares, under penalty of perjury, with respect to any and all allegations of fact or statements of fact, that the foregoing is true and correct. No verification is made concerning any conclusions of law.

SO DECLARED, this ___APR 1 1 2012_____.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court...

APR 11 2012

Valerie D. Tenorio
Deputy Clerk, Superior Court of Guam